FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES McDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON and THE COURT OF CHELAN COUNTY,<br><br>    Defendants. | No. 2:23-CV-00282-SAB<br><br>**ORDER DENYING MOTION FOR PERMANENT INJUNCTION AND DISMISSING CASE** |

Before the Court is Plaintiff's Emergency Request for Permanent Mandatory Injunction, ECF No. 2. Plaintiff is *pro se*. Defendants have not yet appeared. The motion was heard without oral argument. Upon review of the motion, relevant case law, and the record, the Court denies Plaintiff's request and dismisses this matter.

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. District courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, pursuant to 28 U.S.C. § 1332(a)(1).

In general, states have broad sovereign immunity from suit. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. "It is inherent in the nature of sovereignty not to be amendable to the suit of an individual without [a State's] consent. *Hans v. Louisiana*, 134 U.S. 1, 13 (1890). Furthermore, a lawsuit seeking an injunction against a state official does not violate sovereign immunity principles stemming from the Eleventh Amendment of the U.S. Constitution, because the state official was not acting on behalf of the state when enforcing an unconstitutional law. *See Ex parte Young*, 209 U.S. 123 (1908). "[J]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional" and are permitted only when the claim is "patently without merit." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

Defendant's complaint and request for permanent injunction are hard to follow. What is clear, is that the Court does not have jurisdiction over this matter. On Plaintiff's emergency request, Plaintiff appears to be a resident of the State of Washington in Chelan County and claims this Court has diversity jurisdiction. ECF No. 4 at 1 and 3. Defendants are entities of the State of Washington.

The claims against the State of Washington are barred by the Eleventh Amendment. Plaintiff sometimes references federal questions in their Complaint and Request for Permanent Injunction but does not reference consistent federal causes of action within the same filing or between filings. ECF Nos. 1 and 2. Regardless, Defendant has failed to survive an analysis under *Roberts*. Plaintiff's complaint and subsequent request for mandatory injunction are patently without merit. The claims against Chelan County and the State of Washington are dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Emergency Request for Permanent Mandatory Injunction, ECF No. 2, is **DENIED**.

2. The above-captioned action is **DISMISSED without prejudice**.

3. Any pending motions are **DISMISSED as moot**.

**ORDER DENYING MOTION FOR PERMANENT INJUNCTION AND DISMISSING CASE # 2**

4. All relief not expressly granted herein is hereby denied.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to *pro se* Plaintiff, and **close** the file.

**DATED** this 14th day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR PERMANENT INJUNCTION AND DISMISSING CASE # 3**